**David R. POTTS, Plaintiff/Appellant,**

v.

**Ernest T. VELASCO, M.D. and Business and Industry Health Group, Defendants/Respondents.**

No. 69039.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 13, 1996.

Cunningham, Rayfield & Bouchard, P.C., John D. Rayfield, Crystal City, for appellant.

Brown & James, P.C., Kenneth A. Slavens, Timothy W. Luft, St. Louis, for respondents.

PUDLOWSKI, Presiding Judge.

Appellant David Potts challenges the trial court's entry of summary judgment in favor of respondents Ernest Velasco, M.D. and the Business and Industry Health Group, Inc. Affirmed.

The facts of the case can be stated briefly. Appellant was ordered by his employer to give a urine sample as a means of detecting any illegal drug use by appellant. He did so at the offices of respondents. The sample was sent to Drugscan, a private laboratory, where testing indicated the presence of marijuana. Appellant was subsequently dismissed from his job, and he brought this action against respondents and Drugscan. Drugscan, which is located out of state, was dismissed from the suit because the trial court lacked jurisdiction over it.

Appellant's original petition was filed on April 11, 1988. Nearly seven years later, on March 22, 1995, appellant filed his third amended petition. Respondents then filed a motion for summary judgment with supporting documents on May 9. Appellant filed his answer to this motion on June 6, and on June 26, the matter was argued and submitted to the trial court. On August 3, respondents filed another motion for summary judgment which contains argumentation and attachments not included in the May 9 motion. On August 8, the trial court issued its order granting summary judgment for respondents.

Appellant's first argument is that the trial court erred in granting summary judgment on August 8 because doing so denied appellant of the thirty day response period accorded him under Rule 74.04(c). Obviously, this argument assumes that the trial court entered judgment in response to respondents' August 3 motion rather than their May 9 motion. Neither the language of the trial court's order nor established principles of law support this conclusion. The trial court's order notes that in ruling for respon-

dent, it "takes up and considers further the Motion...." This language indicates that the court's judgment addresses respondents' May 9 motion, since that is the only motion to have been argued and submitted to the court. Furthermore, this court presumes that the trial courts act in accordance with the law absent evidence to the contrary. In this case, it would have been clearly violative of procedure for the trial court to rule on the later motion before the appellant had exercised his right of response.

■ There is no rule that a trial court is barred from deciding a summary judgment motion under submission merely because a subsequent motion is filed by the movant, nor will we create one. The possibility of injustice which appellant complains of is that the trial court will act on evidence or argumentation in the subsequent motion, to which the non-movant was denied the opportunity to respond. But review by this court provides the necessary prophalaxis against such a possibility. We will review only the May 9 motion for summary judgment (and supporting documents), to which appellant indisputably responded.

■ The only remaining issue, then, is whether the trial court correctly granted respondents' May 9 motion. Viewing appellant's Third Amended Petition (and all the evidence submitted in support of it) in the light most favorable to appellant, we find his allegations fall into two general categories: that respondents were negligent in failing to promptly seal the urine sample taken from appellant, and that through respondents' negligence another urine sample was switched for the one given by appellant. However, appellant never supports (in any pleading or any evidence) how the respondents' alleged failure to promptly seal appellant's urine sample led to his injury (i.e., the allegedly inaccurate test result). Therefore, the only theory which appellant has pleaded is the "switched samples" theory. On March 28, respondents propounded a Request for Admissions to appellant, which read in relevant part as follows: "With regard to Count I, paragraph 11, that there are no facts which directly supports (sic) your allegation that defendants requested and allowed plaintiff to

seal and initial a urine sample that was taken from him." Appellant did not respond to this Request within thirty days as required by Rule 59.01, nor did he obtain leave of the court to file his late response out of time. Thus, the admission submitted to appellant is deemed admitted. Because appellant admits that no facts support his allegation that his urine sample was switched with another, summary judgment as to this allegation was properly entered.

■ Given the absence of direct proof supporting a general negligence theory, the only other theory that appellant's petition conceivably could be read to assert sounds in res ipsa loquitur. The res ipsa loquitur doctrine may be invoked despite the absence of direct evidence of negligence when a plaintiff alleges an injury that normally would not occur absent someone's negligence. *Grus v. Patton*, 790 S.W.2d 936, 940 (Mo.App. E.D. 1990). However, the res ipsa loquitur doctrine is only available when the instrumentality which caused the incident giving rise to the plaintiff's injury was under the exclusive control of the defendant. *Id.* Here, the instrumentality (i.e., the urine sample) which caused appellant's injury (i.e., the positive drug test) was not under respondents' exclusive control; it is undisputed that it was conveyed by an independent courier to Drugscan and under its control for testing. Therefore, the res ipsa loquitur test is not met, and the last possible means of salvaging appellant's claim is exhausted.

We find that no material facts were in dispute in this matter and that judgment for respondents was correct as a matter of law.

Judgment affirmed.

SIMON and HOFF, JJ., concur.